IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, CHIEF JUDGE

Civil Case No.  05-cv-00282-LTB
Criminal Case No.  03-CR-93-B

UNITED STATES OF AMERICA,

       Plaintiff/Respondent,

v.

GARRY LEE GRIGGS,

       Defendant/Movant.
_____

ORDER
_____

This matter is before me on a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, filed by Defendant-Movant, Garry Lee Griggs, a federal prisoner appearing *pro se*. After consideration of the motion and the response filed on March 17, 2005, by the Plaintiff-Respondent, the United States of America, I DENY the motion for the reasons set forth below.

Pursuant to a plea agreement, Movant pleaded guilty to one count of possession with intent to distribute more than 5 grams of a mixture and substance containing crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B) on July 25, 2003. After a hearing, the court sentenced Movant, in accordance and consistent with his plea agreement, to a term of 70 months of imprisonment on October 10, 2003. Judgment entered on the docket on October 21, 2003, and Movant did not appeal the judgment. As a result, his conviction subsequently became final on October 31, 2003, pursuant to Fed. R. App. P. 4(b)(1)(A)(I). *See also United States v. Burch,* 202 F.3d 1274, 1278-1279 (10th Cir. 2000). On February 10, 2005, Movant filed the motion at

issue here seeking collateral review of his criminal conviction, claiming that he received ineffective assistance of trial counsel.

As an initial matter, to the extent that Movant is arguing ineffective assistance of counsel for failure to raise an argument in his pre-plea motion to suppress, such argument is time-barred pursuant to the one-year limitation period in 28 U.S.C. § 2255. As noted above, Movant's conviction became final on October 31, 2003. His motion was filed on February 10, 2005, pursuant to *Houston v. Lack,* 487 U.S. 266, 270, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988)(defining the prisoner mailbox rule), more than two years later. Thus, the motion here is filed over fifteen months out of time.

Movant also alleges that his sentence was imposed in violation of the Sixth Amendment when the court failed to submit the factual issues of drug weight and quantity to the jury prior to sentencing pursuant to the ruling in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). In support of his argument, Movant relies on *United States v. Booker,* ___ U.S. ___, 125 S.Ct. 738, 756, ___ L.Ed.2 __ (2005), in which the Supreme Court held that the ruling in *Blakely v. Washington*, *supra*, applies to the sentencing guidelines so that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by plea of guilty or a jury verdict must be admitted by the Defendant or proved to a jury beyond a reasonable doubt."

The one-year limitation in 28 U.S.C. § 2255 is not applicable if the right the Movant is asserting "has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The Tenth Circuit has ruled, however, that *Blakely* does not apply retroactively on collateral review to convictions that were already final at the time the case was decided by the Supreme Court on June 24, 2004. *United States v. Bellamy*, 2005 WL 1406176

(10th Cir. 2005); *United States v. Price*, 400 F.3d 844, 845 (10th Cir. 2005).   The ruling in *Booker* likewise applies only on direct appeal and should not be applied retroactively to cases on collateral appeal. *United States v. Booker,* 125 S.Ct. at 756; *Bey v. United States*, 399 F.3d 1266, 1269 (10th Cir. 2005).   As a result, because Movant's October 2002 conviction was already final when *Blakely* was decided, neither the rulings in *Blakely* nor *Booker* are applicable to Movant's collateral attack of his conviction and his related claim is also barred as untimely pursuant to 28 U.S.C. § 2255.

Accordingly, IT IS ORDERED that Movant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 [#1] is DENIED.

Dated: July   26  , 2005 in Denver, Colorado.

                                          BY THE COURT:

                                            s/Lewis T. Babcock  
                                        LEWIS T.  BABCOCK, CHIEF JUDGE